RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)

File Name: 21a0056p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

MERRILEE STEWART; CHARLES STEWART,

                    *Plaintiffs-Appellants*,

   *v.*

IHT INSURANCE AGENCY GROUP, LLC WELFARE
BENEFITS PLAN; IHT INSURANCE AGENCY GROUP,
LLC; FRITZ GRIFFIOEN; GRIFFIOEN AGENCY, LLC;
RRL HOLDING COMPANY OF OHIO, LLC,

                    *Defendants-Appellees*.

No. 20-3754

─────────────────

Appeal from the United States District Court
for the Southern District of Ohio at Columbus.
No. 2:16-cv-00210—James L. Graham, District Judge.

Decided and Filed: March 5, 2021

Before: GIBBONS, WHITE, and THAPAR, Circuit Judges.

─────────────────

## COUNSEL

**ON BRIEF:** Todd A. Brenner, BRENNER HUBBLE, Dublin, Ohio, for Appellants. James R. Carnes, SHUMAKER, LOOP & KENDRICK, LLP, Toledo, Ohio, for Appellees.

─────────────────

## OPINION

─────────────────

THAPAR, Circuit Judge. When a district court provides two alternative grounds for its decision, the losing party must challenge each ground on appeal to change the outcome. The Stewarts did not follow this cardinal rule, so we must affirm.

* * *

Merrilee Stewart suffered a fall from grace.  She once was a co-owner of RRL Holding Company of Ohio and served as president of IHT Insurance Agency Group (a subsidiary of RRL).  Things went downhill fast after Stewart formed a potential competitor to IHT.  First, she was removed from the presidency.  Then, she launched a smear campaign against her replacement.  Finally, the other members of RRL voted to buy out her ownership interest and remove her from the company entirely.

Stewart refused to sell her membership units, so RRL sued.  Stewart counterclaimed.  As part of the buyout, RRL had cut off Stewart's health- and life-insurance benefits.  Stewart alleged that she remained an active member of RRL and was entitled to those benefits.  The state court sent the parties to arbitration.  The arbitration panel sided with RRL on all issues and ordered Stewart to sell her membership units.  The panel also ordered Stewart to release all claims against RRL and its affiliates "from the beginning of the world" to that day.  The state court affirmed.

But that was not the end of the story.  While arbitration proceedings were ongoing, Stewart and her son filed this lawsuit against the defendants.  They claimed, among other things, that IHT violated the Employee Retirement Income Security Act when it revoked Stewart's benefits.  *See* 29 U.S.C. §§ 1161–1163.  The district court dismissed the complaint with prejudice on two alternative grounds:  (1) Stewart had released all her claims against the defendants, and (2) res judicata barred her from relitigating her removal from RRL and discontinued benefits.

On appeal, the Stewarts challenge only whether Stewart released all of her claims.[*] Indeed, their only reference to res judicata is a suggestion in their reply brief that the claims in

---

[*]The Stewarts also argue that any dismissal should have been without prejudice, leaving them free to amend their complaint.  We review the decision to dismiss with prejudice for an abuse of discretion. *Ernst v. Rising*, 427 F.3d 351, 366 (6th Cir. 2005) (en banc).  Dismissal with prejudice and without leave to amend is only appropriate when it is clear on de novo review that the complaint could not be saved by an amendment. *Newberry v. Silverman*, 789 F.3d 636, 646 (6th Cir. 2015).  The Stewarts put forth three new claims (supported by two new facts) in a proposed amended complaint but have not explained why these claims would have survived the district court's ruling.  Nor have they pointed to any other evidence that their complaint is "capable of being cured by amendment." *Id*. at 645.  The Stewarts have now had ample opportunities to present their case; "we cannot say the district court

arbitration had "not been fully litigated" because some matters were not addressed.  But even well-developed arguments raised for the first time in a reply brief come too late.  *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018).  So they have forfeited any right to challenge the res judicata ruling.  That forfeiture dooms their appeal.

An appellant's goal is to undo the judgment below.  It does no good for a track-and-field hurdler to clear just the first hurdle in a race and then sit down on the track.  Similarly, the Stewarts cannot prevail by challenging only one of the bases for the district court's decision.  Even if we agreed that Stewart's claims were not released, the district court's res judicata conclusion would still stand.  *See Larry E. Parrish, P.C. v. Bennett*, --- F.3d ---, No. 20-5898, 2021 WL 788417, *4 (6th Cir. Mar. 2, 2021).  As a result, so must the judgment.

We review judgments, not opinions.  *Hardrick v. City of Detroit*, 876 F.3d 238, 244 (6th Cir. 2017).  The Stewarts needed to win two arguments for us to reverse the district court's judgment.  Since they raised only one, we affirm.

---

abused its discretion in dismissing [their] claims with prejudice."  *Craighead v. E.F. Hutton & Co.*, 899 F.2d 485, 496 (6th Cir. 1990).