NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0214n.06

No. 20-3926

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Apr 21, 2021
DEBORAH S. HUNT, Clerk

JON GRANT,

    Plaintiff-Appellant,

v.

GAHANNA-JEFFERSON PUBLIC SCHOOL DISTRICT,

    Defendant-Appellee.

)
)
)
)
)
)
)
)
)
)

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO

BEFORE: GIBBONS, WHITE, and READLER, Circuit Judges.

**CHAD A. READLER, Circuit Judge.** After more than a decade of employment, Jon Grant was terminated by the Gahanna-Jefferson Public School District. Grant believed that his termination was a retaliatory measure taken in response to his voiced concerns over various working conditions. So he sued the school district. The district court granted summary judgment to the district on alternative grounds: one, that Grant failed to establish a prima facie case of retaliation, and two, that even if he had done so, he did not demonstrate that the reasons offered by the school district for his termination were pretextual. On appeal, Grant addresses the first ground, but leaves the second largely unchallenged, and the brief points Grant makes are unmeritorious in any event. Accordingly, we affirm.

I.

The Gahanna-Jefferson Public School District employed Grant for twelve years, primarily as a custodian. Over time, Grant's employment records revealed a steep decline in his

performance, for which he received multiple warnings. In the months preceding his termination, Grant was accused of harassing a coworker. In addition, according to the school district, a related investigation revealed that Grant had falsified overtime reporting. Ultimately, the district's superintendent recommended to the school board that Grant's employment be terminated, a recommendation the board accepted.

Grant adds to this narrative a key allegation: that he aired workplace-related grievances to a human resources employee shortly before the harassment allegations against him surfaced and an investigation ensued. Grant claims that his grievances covered subjects including unpaid overtime, nepotism, and unequal opportunities. He also claims to have raised the possibility of employees forming a union.

Believing that his termination was a retaliatory measure, Grant sued the district for First Amendment retaliation under 42 U.S.C. § 1983, retaliation under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 215(a)(3), and reverse discrimination under Ohio law. *Grant v. Gahanna-Jefferson Pub. Sch. Dist.*, No. 2:18-cv-963, 2020 WL 4933916, at *1 (S.D. Ohio Aug. 24, 2020). The district court granted summary judgment to the school district on all claims. *Id.* On appeal, Grant has abandoned all but his FLSA claim. *Island Creek Coal Co. v. Wilkerson*, 910 F.3d 254, 256 (6th Cir. 2018) (explaining that appellants forfeit "any challenge to a district court . . . decision" not raised in their opening brief).

II.

FLSA retaliation claims follow the burden-shifting framework familiar to more traditional employment-discrimination claims. *See McKinnon v. L-3 Commc'ns Corp.*, 814 F. App'x 35, 42 (6th Cir. 2020) (citing *Adair v. Charter Cnty. of Wayne*, 452 F.3d 482, 489 (6th Cir. 2006)). That is, if Grant establishes a prima facie case of retaliation, the burden then shifts to the school district

to provide legitimate, nonretaliatory reasons for its actions. *Flowers v. WestRock Servs., Inc.*, 979 F.3d 1127, 1130 (6th Cir. 2020). Once the district has done so, Grant must show that the explanations offered were not the true reasons for the district's adverse actions against him, otherwise known as pretext. *Id.* The district court found that Grant failed to establish a prima facie case of retaliation due to the absence of a causal connection between Grant's conversation with human resources and the superintendent's recommendation to terminate Grant. *Grant*, 2020 WL 4933916, at *7–10. And even if Grant had established a prima facie case of retaliation, the district court alternatively concluded that Grant did not demonstrate that the legitimate, nonretaliatory reasons offered by the school district for Grant's termination were pretextual. *Id.* at *10–11.

In instances like this, where "a district court provides two alternative grounds for its decision, the losing party must challenge each ground on appeal to change the outcome." *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 456 (6th Cir. 2021). In his appeal, Grant takes issue with the district court's first holding—that he did not establish a prima facie case of FLSA retaliation. But even were Grant to convince us that holding was in error, to survive summary judgment, Grant must also demonstrate that the district court erred by concluding that Grant failed to show that the school district's proffered justifications for Grant's termination were pretextual. *Flowers*, 979 F.3d at 1132–33. Yet Grant largely fails to develop any argument or cite any countervailing authority to refute that independent basis for awarding judgment to the district. At best, Grant offers one paragraph of unsubstantiated factual assertions that allegedly undermine the school district's narrative. Typically, that is not enough to preserve an argument on appeal. *See United States v. Robinson*, 390 F.3d 853, 886 (6th Cir. 2004) ("We have cautioned that '[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation,

are deemed waived,' and that '[i]t is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" (alterations in original) (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995–96 (6th Cir. 1997))). For in the absence of a developed argument accompanied by legal and factual support, we have no basis to question the district court's articulated grounds for rejecting Grant's claims. *See Nat'l Credit Union Admin. Bd. v. Zovko*, 728 F. App'x 567, 569 (6th Cir. 2018) ("Appellants make no reference to the record, and this court is not obligated to search the record for support for their argument." (citing Fed. R. App. P. 28(a)(8)(A))).

Even were we to read Grant's brief as preserving his challenge to the district court's ruling on pretext, Grant has not advanced a persuasive reason for us to reverse the district court's determination. Without any supporting citations to the record or case law, Grant offers a handful of sentences addressing why his termination was unjustified. First, Grant claims that the video provided by the school district does not prove the allegation that he stole time. The district court noted, however, that the school district was alerted to the possible time theft when Grant reported overtime on a day that did not require much work. *Grant*, 2020 WL 4933916, at \*11. The district court correctly reasoned that these two indicia taken together could support an honest belief that Grant stole time. *See id.*; *Nathan v. Great Lakes Water Auth.*, --- F.3d ---, 2021 WL 1182304, at \*10 (6th Cir. Mar. 30, 2021) (explaining that "[i]f an employer holds an 'honest belief' that an adverse employment action is justified for a legitimate reason, summary judgment in their favor [on a retaliation claim] is appropriate" (quoting *Clay v. United Parcel Serv., Inc.*, 501 F.3d 695, 715 (6th Cir. 2007)). Grant offers nothing to undermine this honest belief. Second, Grant claims that his coworker's deposition, standing alone, does not show that Grant harassed the coworker. The district court similarly rejected this argument because there was other evidence permitting an

honest belief of harassment, including an email from the coworker to the superintendent and testimony that the coworker also complained to the superintendent in person. *Grant*, 2020 WL 4933916, at *11. Third, Grant challenges the credibility of an internal complaint alleging that he did not properly clean the toilets. But Grant "d[id] not dispute" the "evidence of ongoing complaints about his proficiency in cleaning restrooms" generally. *Id.* And multiple, undisputed complaints would support an honest belief of poor work performance. *See Nathan*, --- F.3d ---, 2021 WL 1182304, at *10. Accordingly, ample evidence supports the decision to terminate Grant's employment. *See Grant*, 2020 WL 4933916, at *10 (explaining that Grant's contention that "the basis for [his] termination [is] not supported by any evidence" is not supported by the record (second alteration in original)).

Once the school district provided legitimate reasons for terminating Grant, the burden shifted to Grant to show those reasons were pretextual. Because he fails to develop an argument on this front or provide persuasive reasons to reject the district court's holding, we affirm.