NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0380n.06

No. 21-3034

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | **FILED** |
| Plaintiff-Appellee, | ) | Aug 06, 2021 |
| | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| v. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR |
| | ) | THE SOUTHERN DISTRICT OF |
| JEROME GRAY, | ) | OHIO |
| | ) | |
| Defendant-Appellant. | ) | |

O R D E R

Before: SUHRHEINRICH, CLAY, and NALBANDIAN, Circuit Judges.

Jerome Gray, a federal prisoner proceeding *pro se*, appeals the district court's order denying his motion for compassionate release filed under 18 U.S.C. § 3582(c)(1)(A). This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a).

In March 2017, Gray pleaded guilty to a superseding information charging him with distributing and attempting to distribute heroin and fentanyl, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), and 864. The district court sentenced Gray to 120 months of imprisonment followed by three years of supervised release. Gray is currently 38 years old and imprisoned at FCI Manchester with a projected release date of October 25, 2024. *See Find an Inmate*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc (last visited August 4, 2021).

In May 2020, Gray sent a letter to the district court requesting compassionate release based on the COVID-19 pandemic, his mother's health, and his rehabilitative efforts. After Gray sent another letter to the district court, counsel entered an appearance on his behalf. Counsel subsequently filed a motion for a sentence reduction under § 3582(c)(1)(A), asserting that Gray's

severe obesity, as well as his African-American race, placed him at a higher risk of severe illness or death from COVID-19. The district court denied Gray's motion, concluding that he had failed to establish an extraordinary and compelling reason to warrant his release. This appeal followed.

We review a district court's denial of compassionate release under § 3582(c)(1)(A) for an abuse of discretion. *United States v. Ruffin*, 978 F.3d 1000, 1005 (6th Cir. 2020). The compassionate-release statute authorizes the district court to reduce a defendant's sentence if it finds that: (1) "extraordinary and compelling reasons warrant such a reduction"; (2) the "reduction is consistent with applicable policy statements issued by the Sentencing Commission"; and (3) the sentencing factors under 18 U.S.C. § 3553(a), to the extent that they apply, support the reduction. 18 U.S.C. § 3582(c)(1)(A); *see Ruffin*, 978 F.3d at 1004–05. Here, the district court denied Gray's motion exclusively on the basis that he had failed to present an extraordinary and compelling reason for his release. When considering a defendant-filed motion under § 3582(c)(1)(A), the district court has "full discretion . . . to determine whether an 'extraordinary and compelling' reason justifies compassionate release." *United States v. Jones*, 980 F.3d 1098, 1109 (6th Cir. 2020); *see United States v. Elias*, 984 F.3d 516, 519–520 (6th Cir. 2021).

The district court recognized our decisions holding that district courts have full discretion to define "extraordinary and compelling" when reviewing defendant-filed motions for compassionate release. It then noted that courts have determined that extraordinary and compelling reasons exist for purposes of § 3582(c)(1)(A) where inmates suffer from medical conditions placing them at a higher risk of serious illness from COVID-19. The district court accepted that Gray would be diagnosed as severely obese and acknowledged that, according to the Centers for Disease Control and Prevention (CDC), severe obesity placed him at an increased risk of severe illness from COVID-19. However, the district court went on to adopt the view that "obesity alone, without evidence of ill effects, is not adequate for compassionate release." *United States v. Marsh*, Nos. 3:09-cr-00291, 3:13-cr-00101, 2020 WL 6517481, at *1 (M.D. Tenn. Nov. 5, 2020) (citations omitted). Given that Gray had failed to present any evidence that his obesity was poorly managed or had any impact on his health, the district court was unable to find an

extraordinary and compelling reason to warrant a sentence reduction. Having found that Gray had failed to satisfy this threshold requirement, the district court declined to consider the § 3553(a) factors.

On appeal, the government concedes "that obesity qualifies as an extraordinary and compelling reason that could warrant release in some circumstances." (Appellee Br. at 9.) The government nonetheless asks us to affirm the district court's order based on the § 3553(a) factors or, in the alternative, to remand to allow the district court to consider its revised position as to obesity as well as the § 3553(a) factors.

"[I]t is not our role to weigh [the § 3553(a)] factors in the first instance." *United States v. Coffman*, No. 20-5602, 2020 WL 7232196, at *2 (6th Cir. Sept. 18, 2020); *United States v. Beamus*, 943 F.3d 789, 792 (6th Cir. 2019) (per curiam); *see also United States v. Hampton*, 985 F.3d 530, 533 (6th Cir. 2021). However, notwithstanding the government's decision to not endorse the district court's reasoning, "[w]e review judgments." *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021). And we "may affirm on any ground supported by the record," *United States v. Binford*, 818 F.3d 261, 267 (6th Cir. 2016), including those disavowed by the parties.

Given the "full discretion" granted to district courts "to define 'extraordinary and compelling,'" *Jones*, 980 F.3d at 1111, the district court did not abuse its discretion in holding that because "Gray present[ed] no evidence that his obesity is poorly managed in prison or, more importantly, that it has any other impact on his health," there was no "extraordinary and compelling reason to support a sentence modification." (R. 48 at PageID# 170.) The district court did not "rel[y] on clearly erroneous findings of fact, use[] an erroneous legal standard, or improperly appl[y] the law." *Hampton*, 985 F.3d at 532 (quoting *United States v. Flowers*, 963 F.3d 492, 497 (6th Cir. 2020)). To the contrary, the district court considered the evidence and exercised its discretion to reach a reasoned decision.

For these reasons, we **AFFIRM** the district court's order denying Gray's motion for compassionate release. Gray's motion for reconsideration of the court's order granting in part and denying in part his motion to file his brief under seal is **DENIED**. *See* 6 Cir. R. 27(g).

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk