RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 23a0140p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

───────────────

REGINA BRYANT,

                            *Plaintiff-Appellant*,

    *v.*

DENIS RICHARD MCDONOUGH, Secretary, Department
of Veterans Affairs,

                            *Defendant-Appellee*.

> 22-3836

───────────────

Appeal from the United States District Court for the Northern District of Ohio at Cleveland.
No. 1:20-cv-00726—Pamela A. Barker, District Judge.

Decided and Filed: June 28, 2023

Before: COLE, McKEAGUE, and NALBANDIAN, Circuit Judges.

───────────────

## COUNSEL

**ON BRIEF:** Cara L. Staley Rafferty, Renée A. Bacchus, UNITED STATES ATTORNEY'S OFFICE, Cleveland, Ohio, for Appellee. Regina Bryant, Cleveland, Ohio, pro se.

───────────────

## ORDER

───────────────

Regina Bryant, a pro se Ohio plaintiff, appeals the district court's judgment in favor of the Secretary of the Department of Veterans Affairs (VA) on her federal employment-discrimination and retaliation complaint. Bryant moves the court for appointment of counsel on appeal. This case has been referred to a panel of the court that, upon examination, unanimously agrees that oral argument is not needed. *See* Fed. R. App. P. 34(a). For the reasons that follow, we deny Bryant's motion for appointment of counsel and affirm the district court's judgment.

Bryant, who is African American and has dyslexia, was employed at the VA hospital in Cleveland, Ohio, as a sterile processing technician.  In June 2021, Bryant, proceeding pro se, filed a 97-page amended complaint against the VA, which the district court construed as raising the following claims:   (1) disability discrimination, in violation of the Rehabilitation Act; (2) retaliation for participating in Equal Employment Opportunity (EEO) activity; (3) hostile work environment and harassment based on disability;  (4) "institutionalized racism"; (5) violation of privacy; (6) non-selection for a position as a painter based on sex and disability; and (7) retaliatory non-selection for the painter position.

Bryant moved the district court to appoint counsel to represent her, arguing that she was disadvantaged because of her learning disability and the fact that she was opposing government lawyers. The district court denied the motion because the issues were not complex and Bryant had demonstrated sufficient ability to represent herself.

On motion of the Secretary, the district court dismissed claims one through five as well as claim seven under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  The district court also dismissed a disability discrimination claim that Bryant purported to bring on behalf of a coworker, Vanessa Smith.  As is relevant here, the district court found that Bryant failed to administratively exhaust certain discrete incidents of alleged harassment by Dionna Arthur, a co-worker who had allegedly harassed Bryant in the past because of her disability, by omitting them from her EEO charge.  That left Bryant's claim that the VA subjected her to a hostile work environment by transferring Arthur to her shift.  The district court held that Arthur's transfer was insufficient by itself to create an abusive working environment.  The court therefore dismissed this claim.

After discovery closed, the Secretary moved for summary judgment on Bryant's remaining claim that she was not hired for the painter position because of her sex and disability. According to evidence presented by the Secretary, the male candidate who was ultimately selected for the position was both disabled himself and better qualified than Bryant—his interview score was higher, he displayed greater knowledge of the technical requirements of the position, and he had more commercial painting experience. The district court found that Bryant failed to present evidence that the VA's reason for not selecting her for the painter position was a

pretext for discrimination.   Accordingly, it granted summary judgment to the Secretary and dismissed her amended complaint.

Bryant's appellate brief raises two issues only—the district court's denial of her motion for appointment of counsel and its dismissal of "the first part of [her] case."  (Appellant's Br. at 3.)   As to the second issue, Bryant focuses on her claim that the VA subjected her to a hostile work environment by continually assigning her and Arthur to work on the same shift. By limiting her brief to these two issues, Bryant has forfeited appellate review of the district court's dismissal of her other claims under Rule 12(b)(6) and its grant of summary judgment to the Secretary on her claim that she was not selected for the painter position for discriminatory and retaliatory reasons.  *See Bard v. Brown County*, 970 F.3d 738, 751 (6th Cir. 2020).[1]

We first address Bryant's argument that the district court erred in dismissing her hostile work environment claim.   As mentioned above, the district court concluded that the mere assignment of Arthur to Bryant's shift was insufficient as a matter of law to establish a pervasively severe and hostile work environment and that Bryant failed to administratively exhaust other alleged incidents of harassment by Arthur.

We review de novo a district court's judgment granting a Rule 12(b)(6) motion to dismiss.  *Bickerstaff v. Lucarelli*, 830 F.3d 388, 395–96 (6th Cir. 2016).   A complaint will be dismissed under Rule 12(b)(6) if it does not plead facts, accepted as true and viewed in the light most favorable to the plaintiff, that state a plausible claim to relief.  *Id.* at 396.

Because Bryant was a federal employee at the relevant times in this case, the Rehabilitation Act, 29 U.S.C. § 791, applies to her retaliation and disability-discrimination claims.  *Jones v. Potter*, 488 F.3d 397, 403 (6th Cir. 2007).  A hostile-work-environment claim under the Rehabilitation Act requires the plaintiff to show that "(1) [she] was disabled; (2) [she] was subject to unwelcome harassment; (3) the harassment was based on [her] disability; (4) the harassment unreasonably interfered with [her] work performance; and (5) [the] defendant either

---

[1]Bryant's brief also discusses new medical conditions that she attributes to the stress from working in an allegedly hostile environment.  These diagnoses all post-date the district court's judgment, however. We decline to address the argument based on those medical conditions for the first time on appeal.  *See Perez v. Oakland County*, 466 F.3d 416, 430 (6th Cir. 2006).

knew or should have known about the harassment and failed to take corrective measures." *Plautz v. Potter*, 156 F. App'x 812, 818 (6th Cir. 2005) (per curiam) (borrowing the standard for a hostile work environment claim under the Rehabilitation Act from the ADA context) (citing *Crawford v. Medina Gen. Hosp.*, 96 F.3d 830, 834 (6th Cir. 1996)); *see also Waldo v. Consumers Energy Co.*, 726 F.3d 802, 813 (6th Cir. 2013) (listing the same elements for a "hostile-work-environment claim under Title VII").

Here, even if the district court erred in concluding that Bryant's hostile-work-environment claim was limited to the VA's assignment of Arthur to work on the same shift as Bryant, Bryant's allegations, accepted as true, do not plausibly show that her work environment was pervasively discriminatory. In addition to having to work on the same shift as Arthur, the only other allegedly hostile incidents that Bryant's complaint identified were that Arthur spoke rudely to her a couple of times and that on a few other occasions Arthur went out her way to sit near Bryant in the lab. Bryant otherwise speculated that Arthur had tampered with her computer and VA records. These isolated incidents were insufficient as a matter of law to establish a severe or pervasively hostile work environment. *See Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993); *Phillips v. UAW Int'l*, 854 F.3d 323, 328 (6th Cir. 2017).

Bryant also argues that the district court erred in denying her motion for appointment of counsel. We review that decision for an abuse of discretion. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). An abuse of discretion occurs where the reviewing court has "a definite and firm conviction that the court below committed a clear error of judgment." *In re Wingerter*, 594 F.3d 931, 936 (6th Cir. 2010) (quoting *In re M.J. Waterman & Assocs.*, 227 F.3d 604, 607–08 (6th Cir. 2000)). "Appointment of counsel in a civil case is not a constitutional right" but "a privilege that is justified only by exceptional circumstances." *Lavado*, 992 F.2d at 605–06. Whether exceptional circumstances exist depends on the type of case and the plaintiff's ability to represent herself. *See id.* at 606. In turn, this involves an assessment of the complexity of the factual and legal issues involved in the case. *See id.*

Despite her learning disability, Bryant was able to comply with all of the relevant deadlines, file motions and memoranda that outlined her arguments with relative clarity, and marshal evidence in support of her claims. Under those circumstances, we agree with the district

court that Bryant displayed sufficient ability to represent herself.  We conclude therefore that the district court did not abuse its discretion in declining to appoint counsel for Bryant.  We deny Bryant's motion for appointment of counsel on appeal for the same reasons.

For these reasons, we **AFFIRM** the district court's judgment and **DENY** Bryant's motion for appointment of counsel.

ENTERED BY ORDER OF THE COURT

_____
Deborah S. Hunt, Clerk