NOT RECOMMENDED FOR PUBLICATION
File Name: 23a0441n.06

No. 22-3864

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Oct 12, 2023
DEBORAH S. HUNT, Clerk

|  |  |  |
|---|---|---|
| MARK D. GARNETT, | ) | |
|     Plaintiff-Appellant, | ) | |
| v. | ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO |
| AKRON CITY SCHOOL DISTRICT BOARD OF EDUCATION; TARA BRUCE; MATT FRAME; TREVOR SCHROMM, individually and in their official capacities, | ) | |
|     Defendants-Appellees. | ) | OPINION |

Before: SUTTON, Chief Judge; CLAY and LARSEN, Circuit Judges.

LARSEN, Circuit Judge. Mark Garnett worked as a school custodian in Akron, Ohio. After his employment ended, Garnett brought federal and state law claims for retaliation and race, age, and disability discrimination against his employer, the Akron City School District Board of Education, as well as various supervisors (the School District). The School District moved for summary judgment. Garnett never filed a response. The district court granted summary judgment to the School District. For the reasons stated, we DISMISS in part for lack of jurisdiction and AFFIRM in part.

I.

Normally, when considering an appeal from an order granting summary judgment, we view the facts in a light most favorable to the nonmoving party. *See Raimey v. City of Niles*, 77 F.4th 441, 447 (6th Cir. 2023). But the situation here is unique because Garnett didn't oppose the School District's motion for summary judgment. When that occurs, "[t]he facts presented and designated

by the moving party were the facts at hand to be dealt with by the trial court." *Guarino v. Brookfield Twp. Trs.*, 980 F.2d 399, 404 (6th Cir. 1992). "A district court is not required to search the entire record to establish that it is bereft of a genuine issue of material fact." *Chi. Title Ins. Corp. v. Magnuson*, 487 F.3d 985, 995 (6th Cir. 2007) (citation omitted). And we review the "record in the same fashion as the district court." *Id.* (quoting *Guarino*, 980 F.2d at 404).

Mark Garnett, who is African American, began working for the School District in 2002 as a custodian. In 2016, he became Head Custodian at Crouse Community Learning Center (Crouse). In 2017, Garnett filed a complaint with the Ohio Civil Rights Commission charging the School District with race discrimination and retaliation. According to Garnett, Tara Bruce, who was the Principal at Crouse and who is also African American, gave Garnett a low evaluation rating, which prevented him from pursuing other employment opportunities in the district. Garnett believed that the rating was not justified and was racially biased. He attributed the poor evaluation to Bruce's displeasure with a 2002 race discrimination complaint Garnett had brought against the School District, although Bruce was not involved in that complaint.

Garnett testified that Bruce made several inappropriate statements focusing on race, during the course of his employment, including that "she preferred Caucasian custodians," "her experience [was] better with white custodians," and something to the effect of "black men didn't come in there and work, didn't work right" or "[t]hey came in and did things half-ass, didn't work like shit." R. 70, Garnett Dep., PageID 1495, 1504, 1507. Garnett also testified that Bruce said that he was too slow and that she could work circles around him. Garnett believed this was a reference to his age. Bruce and another employee also asked how old Garnett was.

Garnett testified that he lacked the support of management. According to Garnett, when he was without an assistant custodian, he received poor-performing replacement workers, and

when he complained, management did nothing about it. Eventually, though, management reassigned or replaced the workers.

Sometime in 2017, Garnett took leave under the Family Medical Leave Act. He then applied for disability retirement from the School Employees Retirement System of Ohio (SERS). SERS granted him disability retirement effective May 1, 2018. While he was on leave and awaiting approval of his application for disability retirement, Garnett went to Crouse for a replacement employment evaluation review. He was asked to return his keys and clean out his locker. Garnett noticed that the lock to his locker had been cut off and his property, including a drill and battery charger, was missing. The locks had been removed by two employees who were looking for supplies. They testified that they didn't know who was using the locker. Garnett believed the cutting of the lock was racially motivated. When asked why, he responded, "The only facts that I have is that I'm black and [they are] white and my locks were cut off." R. 70, Garnett Dep., PageID 1524.

Garnett then sued the School District, with the aid of an attorney. He raised claims under federal and state law for race discrimination, disability discrimination, age discrimination, and retaliation, as well as a claim for violation of his due process rights. The School District moved for summary judgment on all claims. Garnett didn't respond to the motion. Almost four months after the School District filed its motion, the district court granted summary judgment in favor of the School District. Garnett moved for relief from judgment under Federal Rule of Civil Procedure Rule 60(b), which the district court denied. He now appeals, again with counsel.

## II.

Garnett first challenges the denial of his motion for relief from judgment under Rule 60(b). We lack jurisdiction to consider that claim.

The district court granted summary judgment in favor of the School District on September 8, 2022. Garnett timely appealed that judgment by filing a notice of appeal on October 7, 2022. In the meantime, Garnett filed his Rule 60(b) motion. The district court denied that motion on January 19, 2023. To appeal the order denying his Rule 60(b) motion, Garnett had to file a new notice of appeal or an amended notice of appeal within 30 days of the denial of the order. *See* Fed. R. App. P. 4(a)(4)(B)(ii) ("A party intending to challenge an order disposing of any motion listed in Rule 4(a)(4)(A) [including a Rule 60(b) motion] . . . must file a notice of appeal, or an amended notice of appeal . . . within the time prescribed by this Rule [30 days] measured from the entry of the order disposing of the last such remaining motion."). Garnett didn't file a new or amended notice of appeal challenging the order dismissing his Rule 60(b) motion within 30 days.[1]

The 30-day time limit to appeal a judgment or order in a civil case is a jurisdictional requirement set by Congress. *See* 28 U.S.C § 2107(a); *Bowles v. Russell*, 551 U.S. 205, 214 (2007) ("Today we make clear that the timely filing of a notice of appeal in a civil case is a jurisdictional requirement."); *Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 27 (2017) (recognizing that although the Court had been loose with the word "jurisdictional" in the past, time limits imposed by Congress are truly jurisdictional). Because Garnett failed to timely file a new notice of appeal or an amended notice of appeal from the order denying his Rule 60(b) motion, we lack jurisdiction to consider the order on appeal. *See A.C.L.U. of Ky. v. McCreary County*, 607 F.3d 439, 451 (6th Cir. 2010).

---

[1] Instead, Garnett filed a motion for leave to reopen the time to file an amended notice of appeal nearly four months later. The district court denied that motion on August 8, 2023. The order denying that motion is not before us.

III.

Garnett next challenges the district court's order granting summary judgment to the School District, arguing that although he failed to oppose the motion, the district court nonetheless erred by dismissing his claims.

Garnett's failure to respond to the motion for summary judgment left the district court in an unusual position. The court still had a job to do because even where a motion is unopposed, the moving party still "bears the burden of demonstrating the absence of a genuine issue as to a material fact." *Carver v. Bunch*, 946 F.2d 451, 454 (6th Cir. 1991). So the court was "required, at a minimum, to examine the movant's motion for summary judgment to ensure that [it] has discharged that burden." *Id.* at 455. "The trial court must . . . intelligently and carefully review the legitimacy of" an unopposed motion. *Guarino*, 980 F.2d at 407. With that said, the court should not become an advocate for the nonmoving party. It is "utterly inappropriate for the court to abandon its position of neutrality in favor of a role equivalent to champion for the non-moving party: seeking out facts, developing legal theories, and finding ways to defeat the motion." *Id.* at 406.

Here, the district court's order granting summary judgment was brief, but it demonstrates that the court understood its role and considered the School District's thorough motion for summary judgment, and the record evidence, before granting the motion. The court accurately stated its role when addressing an unopposed motion. It explained that "consistent with [that role], the Court has carefully reviewed the legal arguments and evidence submitted by Defendants in support of their motion for summary judgment" and concluded that "[t]he motion demonstrates that Defendants are entitled to judgment on each and every claim asserted by Garnett." R. 73, Mem. Op. and Order, PageID 1878.

On appeal, Garnett charges that the district court's opinion was too brief, but his explanation of why the court erred is equally brief—just three paragraphs. Garnett says that the "court was obligated to look at all of the readily accessible evidence, including Mr. Garnett's deposition testimony and the charge forms attached to his complaint." Appellant Br. at 25–26. That is true, to the extent they were presented in the School District's motion: "[t]he facts presented and designated by the moving party were the facts at hand to be dealt with by the trial court." *Guarino*, 980 F.2d at 404. But beyond that, we never require a court "to search the entire record to establish that it is bereft of a genuine issue of material fact," whether the motion is opposed or not. *Chi. Title Ins. Corp.*, 487 F.3d at 995 (citation omitted). And, in any event, the court here explained that it had "carefully reviewed the legal arguments and evidence submitted by Defendants." R. 73, Mem. Op. and Order, PageID 1878. We have no reason to believe that it didn't.

Nor does Garnett offer us reason to believe that the district court committed legal error. Garnett's opening brief never explains why he believes the district court came to the wrong conclusion with respect to each (or any) of his claims. The district court held that "Garnett's § 1983 claim for retaliation [was] precluded by law." *Id.* (citing *Russell v. Drabik*, 24 F. App'x 408, 411 (6th Cir. 2001)). And his race discrimination claims failed "because he was not subjected to an adverse employment action." *Id.* Garnett's voluntary retirement precluded his disability claims, and his failure to pursue adequate post-deprivation remedies foreclosed his due process claim. Nowhere in the opening brief, not even in the section devoted to his Rule 60(b) motion, does Garnett address these conclusions. Garnett's reply brief offers some analysis, but that was too late. "Time, time, and time again, we have reminded litigants that we will treat an argument as forfeited when it was not raised in the opening brief." *Island Creek Coal Co. v. Wilkerson*,

No. 22-3864, *Garnett v. Akron City Sch. Dist. Bd. of Educ.*

910 F.3d 254, 256 (6th Cir. 2018) (citation omitted); *Stewart v. IHT Ins. Agency Grp., LLC*, 990 F.3d 455, 457 (6th Cir. 2021) ("[E]ven well-developed arguments raised for the first time in a reply brief come too late."). Garnett's failure to address the legal arguments presented by the School District and adopted by the district court means he has forfeited any argument that the district court erred in granting summary judgment in the School District's favor.

\* \* \*

We DISMISS in part for lack of jurisdiction and AFFIRM in part.